UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY LEONEL SEVERICHE SUAREZ,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN OF OTAY MESA DETENTION CENTER; FIELD OFFICE DIRECTOR, ICE SAN DIEGO FIELD OFFICE: TODD M. LYONS; SECRETARY OF HOMELAND SECURITY; and UNITED STATES ATTORNEY GENERAL,<br><br>                                    Respondents. | Case No.: 3:26-cv-2990-JES-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF Nos. 1, 2]** |

Before the Court is Petitioner Freddy Leonel Severiche Suarez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner also filed a concurrent motion for temporary restraining order. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 3), Respondents filed a return to the petition. ECF No. 5.

Petitioner is a native of Colombia who came to the United States in order to seek asylum. ECF No. 1 at 4. Petitioner entered the United States around December 12, 2023, and was detained until about February 3, 2024. ECF No. 1-4 ¶¶ 12-13. After that detention,

1

Petitioner asserts that he was released. *Id.* ¶ 14. Petitioner asserts that he has a social security card with work authorization, as well as a valid Employment Authorization Document. ECF No. 1 at 4-5. He works as a delivery driver, and was redetained by ICE in Escondido, California on May 3, 2026 while he was picking up a discovery order for DoorDash. *Id.* at 5.

In their return, Respondents acknowledge that courts have routinely held that petitioners similarly situated to Petitioner are not mandatorily detained under 8 U.S.C. § 1225(b). ECF No. 5 at 2. While reserving their rights, they state that they "do[] not oppose the petition and defers to the Court on the appropriate relief." *Id.* at 3.

In light of Respondents' non-opposition, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government when he first entered in 2024. Respondents do not address or refute this claim. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Rivera v. Warden, Otay Mesa Det. Ctr.*, No. 26-CV-375-JES-AHG, 2026 WL 310193, at *2-3 (S.D. Cal. Feb. 5, 2026); *Besalti v. LaRose*, No. 26-CV-270-JES-JLB, 2026 WL 242042, at *2-3 (S.D. Cal. Jan. 29, 2026); *Singh v. LaRose*, No. 26-CV-0556-JES-VET, 2026 WL 353355, at *2-3 (S.D. Cal. Feb. 9, 2026); *Ramales v. LaRose*, No. 26-CV-501-JES-DEB, 2026 WL 280216, at *2-3 (S.D. Cal. Feb. 3, 2026); *Minhas v. Bondi*, No. 26-CV-492-JES-BLM, 2026 WL 280220, at *2-3 (S.D. Cal. Feb. 3, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here, where the liberty interest was revoked without any notice or procedure.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **May 22, 2026**, confirming that Petitioner has been released. In light of this relief, the Court **DENIES AS MOOT** the motion for temporary restraining order.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: May 18, 2026

_____

Honorable James E. Simmons Jr.
United States District Judge